IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JASON E. JONES,

    Plaintiff,

v.

MONTGOMERY COUNTY
CORRECTIONAL FACILITY, et al.,

    Defendants.

Civil Action No.: SAG-21-911

**MEMORANDUM OPINION**

Plaintiff Jason E. Jones, who is currently incarcerated at Eastern Correctional Institution ("ECI"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. Plaintiff submitted an Amended Complaint pursuant to the Court's April 23, 2021 Order. ECF No. 13; *see* ECF No. 3. The Amended Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Plaintiff's Amended Complaint alleges that on December 24, 2020, Plaintiff requested that Cpt. Custead provide him his shoes and commissary hygiene items before being placed in "lock-up" at Montgomery County Correctional Facility ("MCCF"). ECF No. 13 at 3. He asserts that Custead's subsequent denial violated the regulations stated in the Montgomery County Inmate Handbook. *Id.* While Custead allegedly told Plaintiff it was a non-grievable offense, Plaintiff was provided with a grievance form on which to submit his complaint regardless. *Id.* Thereafter, Plaintiff's adjustment hearing was held by Defendants CS IV Davis and Sgt. Parker on December 28, 2020, at which time they also denied Plaintiff's request for his athletic shoes and hygiene products. *Id.* Parker and Davis told Plaintiff that a memorandum separate from the Inmate

Handbook was issued stating that inmates could not have these items in segregation. *Id.* at 4. Plaintiff asserts that his grievance was not timely answered, and he was therefore without his requested items for the duration of his time in segregation. *Id.* at 4-5.

Plaintiff also complains that following his thirty days in segregation, he was denied a position as a pod/dorm representative in February 2021. *Id.* at 5. He asserts that Ms. Legg responded that he had too many infractions and "keep separates" to be considered for the position; Plaintiff asserts he only has one of each. *Id.* Plaintiff claims that when he was previously incarcerated at MCCF he was permitted to hold the pod/dorm representative position after 30 days without an infraction. *Id.* at 6. Now, Plaintiff claims that he has been passed over for the position by six other inmates. *Id.* He asserts that Defendant Legg instructed him that because he received a fighting infraction, he was required to wait an additional thirty days without an infraction to be considered for a job. *Id.* Plaintiff contends that Defendant Legg is prejudiced against him because of issues they have had in the past when she served as his "pre-trial agent." *Id.* at 6-7. Additionally, he states that he was not offered a job even after the additional time passed without infraction and Defendant Legg told him she was still considering him for a job. *Id.* at 7.

For the reasons discussed below, Plaintiff's Amended Complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff fails to state a claim for a due process violation.  Prisoners have a liberty interest in avoiding confinement conditions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Wolff v. McDonnell*, 418 U.S. 539); *Wilkinson v. Austin*, 545 U.S. 209, 210 (2005).  Whether confinement conditions are atypical and substantially harsh "in relation to the ordinary incidents of prison life" is a "necessarily…fact specific" comparative exercise.  *Beverati v. Smith*, 120 F.3d 500, 502-03 (4th Cir. 1997) (quoting *Sandin*, 515 U.S. at 483-84); *accord Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) ("There is no single standard for determining whether a prison hardship is atypical and significant, and the condition or combination of conditions or factors…requires case by case, fact by fact consideration." (alteration in original) (internal quotation marks omitted)).  "*Wilkinson* does not hold that harsh or atypical prison conditions in and of themselves provide the basis of a liberty interest giving rise to Due Process protection." *Prieto v Clarke*, 780 F.3d 245, 250 (4th Cir. 2015).  Rather, there must exist an interest in avoiding "erroneous placement [in the challenged confinement] under the state's classification regulations *combined with* . . . harsh and atypical conditions" for Due Process protections to apply.  *Id.* (emphasis in original) (citing *Wilkinson*, 545 U.S. at 224-25).  "[G]eneral population is the baseline for atypicality for inmates who are sentenced to confinement in the general prison population and have been transferred to security detention while serving their sentence." *Incumaa v. Stirling*, 791 F.3d 517, 527 (4th Cir. 2015).  Plaintiff's claim that he was denied access to his athletic shoes and specific hygiene commissary items is insufficient to demonstrate that he endured "atypical and significant" hardship while confined in disciplinary segregation.  Moreover, Plaintiff's claim that Defendants' actions violated the jail's own policy is insufficient to state a constitutional claim.

*See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 629 & n.6 (D. Md. 2015) (citing *Myers*).

Additionally, Plaintiff's allegations regarding his denial of the pod/dorm representative position fail to state a constitutional violation. "[T]he classifications and work assignments of prisoners…are matters of prison administration, within the discretion of the prison administrators..." *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978); *see also Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980). As Plaintiff does not have an independent constitutional right to a prison job, prison officials generally may select or terminate an inmate from a job for any reason without offending federal due process principles. Plaintiff's expectation of maintaining a specific prison job, or any job, does not implicate a protected property interest. *See Bulger v. United States Bureau of Prisons,* 65 F.3d 48, 50 (5th Cir. 1995); *Coakley v. Murphy,* 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program); *Flittie v. Solem,* 827 F.2d 276, 279 (8th Cir.1987) (indicating inmates have no constitutional right to be assigned to a particular job); *Ingram v. Papalia,* 804 F.2d 595, 596 (10th Cir. 1986) (stating the Constitution does not create a property interest in prison employment); *Gibson v. McEvers,* 631 F.2d at 98 (stating a prisoner's expectation of keeping prison job does not amount to a property interest subject to due process protection); *Bryan v. Werner,* 516 F.2d 233, 240 (3d Cir. 1975) (reasoning that inmate's expectation of keeping job is not a property interest subject to due process protection).

Even to the extent Plaintiff seeks to bring an equal protection claim on the basis that Defendant Legg is prejudiced against him, he fails to state a claim. The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (citation omitted). In cases where no suspect

4

criterion, such as race is involved, the proper inquiry is whether the statute or regulation serves a legitimate state interest and whether the challenged classification is rationally related to it. *Moss v. Clark*, 886 F.2d 686, 690 (4th Cir. 1989). Thus, the policies in place regarding protective custody must meet a test of reasonableness. *Turner v. Safely*, 482 U.S. 78, (1987). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (quotation omitted). So long as the restrictions placed on protective custody inmates do not jeopardize the health of the inmates subject to them and there is a rational relationship between those restrictions and the need for protection of the inmates, equal protection is not violated. *Taylor v. Rogers*, 781 F.2d 1050 (4th Cir. 1986). Plaintiff makes no allegation that he was denied the pod/dorm representative position based on his race or any other suspect class. Nor does he make any factual allegations showing that MCCF's requirement to have a certain period without any disciplinary infractions to be eligible to be a pod/dorm representative is unreasonable. As such, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and shall be dismissed.

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike"

under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state a claim and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). A separate order follows.


<u>September 15, 2021</u>                              <u>       /s/                        </u>
Date                                                  Stephanie A. Gallagher
                                                      United States District Judge